**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **SARA HERNANDEZ-GONZALEZ, Widow of ROBERTO MEDINA-MARTINEZ,** | * * * | |
| | * | **Civil Action File** |
| **Plaintiff,** | * | **No: 4:12-CV-75 (CDL)** |
| | * | |
| **v.** | * | |
| | * | |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Defendant.** | * | |

**ANSWER**

COMES NOW Defendant, United States of America, by and through the United States Attorney for the Middle District of Georgia, and for its answer to Plaintiff's Complaint shows the following:

Defendant answers the specific allegations contained in the numbered paragraphs of the complaint as follows:

1.

The allegations of Paragraph 1 constitute conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits Plaintiff brings this suit under the Federal Tort Claims Act ("FTCA"). However, Defendant denies this Court has subject matter jurisdiction.

2.

Defendant admits that Plaintiff submitted an administrative claim under the FTCA seeking $1,000,000 in March 2011. Defendant denies the remaining allegations of Paragraph 2.

3.

Defendant admits that Department of Homeland Security, Immigration and Customs Enforcement ("ICE) denied plaintiff's FTCA administrative claim. Defendant further responds that the denial letter was mailed on September 29, 2011.

4.

Defendant admits that a denial letter was mailed on September 29, 2011. Exhibit “A” appears to be a copy of the denial letter.

5.

Defendant admits that Plaintiff exhausted her administrative remedies. The remaining allegations of Paragraph 5 are denied.

6.

To the extent a response to Paragraph 6 of the Complaint is required, Defendant admits that venue is proper. The remaining allegations of Paragraph 6 constitute conclusions of law to which no response is required.

7.

Defendant is without sufficient information to either admit or deny the allegations of Paragraph 7 and consequently denies the same.

8.

To the extent a response to Paragraph 8 of the Complaint is required, Defendant admits that service of process is proper. The remaining allegations of Paragraph 8 constitute conclusions of law to which no response is required.

9.

Defendant is without sufficient information to form a belief as to the allegations of Paragraph 9, but demands strict proof.

10.

Defendant admits that Mr. Medina passed away at St. Francis Hospital in Columbus, Georgia. At the time of his passing, Mr. Medina was in ICE custody at Stewart Detention Center in Lumpkin, Stewart County, Georgia, awaiting removal to Mexico.

11.

Defendant admits the allegations of Paragraph 11.

12.

Defendant admits the allegations of Paragraph 12.

13.

Defendant admits the allegations of Paragraph 13.

14.

Defendant admits the allegations of Paragraph 14.

15.

Defendant admits the first full sentence of Paragraph 15. Defendant further responds that Exhibit "B" appears to be a copy of the radiography report, but demands strict proof.

16.

Defendant admits the allegations of Paragraph 16.

17.

DIHS and Stewart have now, or did have at the time of Mr. Medina's intake, certain policies in place. Defendant further responds that the policies speak for themselves.

18.

Defendant admits the allegations of Paragraph 18.

19.

Defendant admits the allegations of Paragraph 19.

20.

Defendant is without sufficient information to form a belief as to the allegations of Paragraph 20. To the extent a response is required, Defendant denies the same.

21.

Defendant admits that Mr. Medina was transported to the St. Francis Hospital in Columbus, Georgia.

22.

Defendant admits the allegations of Paragraph 22.

23.

Defendant admits the allegations of Paragraph 23.

24.

Defendant admits the allegations of Paragraph 24.

25.

Defendant admits that DIHS investigated Mr. Medina's treatment and death. The remaining allegations of Paragraph 25 are denied as pled.

26.

Defendant admits that Plaintiff timely submitted an administrative claim. Defendant further responds that Exhibit "C" appears to be a true and correct copy of the claim, but demands strict proof.

27.

Defendant admits that ICE denied Plaintiff administrative claim on or about September 29, 2011.

28.

Defendant denies the allegations of Paragraph 28.

29.

Defendant denies the allegations of Paragraph 29.

30.

The allegations of Paragraph 30 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same.

31.

Defendant denies the allegations of Paragraph 31.

32.

Any allegation not specifically responded to above is hereby denied.

FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim against this Defendant upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The injuries alleged in the complaint were not proximately caused by any negligent or wrongful act or omission by any agent or employee of Defendant, the United States of America.

THIRD AFFIRMATIVE DEFENSE

Mr. Medina was contributorily negligent in causing his damages and losses.

FOURTH AFFIRMATIVE DEFENSE

Defendant, and its agents and employees, did not breach any duty of care in connection with the allegations in Plaintiff's Complaint.

FIFTH AFFIRMATIVE DEFENSE

To the extent the claims fail to comply with the requirements of the Defendant's waiver of sovereign immunity, the Court lacks jurisdiction over such claims.

SIXTH AFFIRMATIVE DEFENSE

If Defendant was negligent, which is specifically denied, under the FTCA, Defendant may be held liable only in the same manner and to the same extent as a private individual under like circumstances.

SEVENTH AFFIRMATIVE DEFENSE

The United States is not liable for any prejudgment interest or post judgment interest, except as permitted by Federal Law. See 28 U.S.C. § 2674; 28 U.S.C. § 1961, and 31 U.S.C. § 1304(b).

EIGHTH AFFIRMATIVE DEFENSE

The United States is not liable for attorneys' fees except as provided for by the FTCA.. 28 U.S.C. § 2678.

NINTH AFFIRMATIVE DEFENSE

The United States is not liable for punitive damages as a matter of law. 28 U.S.C. § 2674.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is limited to damages recoverable under 28 U.S.C. § 2674.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery of damages is subject to the limitation imposed under Georgia law.

TWELFTH AFFIRMATIVE DEFENSE

The Affirmative Defenses that have been asserted heretofore in this Answer are not exhaustive, and Defendant hereby expressly reserves the right to amend this Answer to bring additional Affirmative Defenses over the course of this action, as the facts and evidence may warrant.

WHEREFORE, Defendant prays that judgment be entered in its favor, that all costs be assessed against the plaintiff, and that the Court grant such other and further relief as it deems just and proper.

Dated this 1st day of June, 2012.

Respectfully submitted,

MICHAEL J. MOORE
UNITED STATES ATTORNEY

BY: */s Sheetul S. Wall*
SHEETUL S. WALL
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 734724

P. O. Box 2568
Columbus, GA 31902
Phone: (706) 649-7700

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Dean Marshall, Esq.
Benjamin C. Morgan, Esq.
SUTHERLAND, ASBILL & BRENNAN, LLP
999 Peachtree Street, NE
Atlanta, GA 30309

Brian Spears, Esq.
1126 Ponce de Leon Avenue
Atlanta, GA 30306

Chara Fisher Jackson, Legal Director
Azadeh N. Shahshahani, National Security/Immigrants' Rights Project Director
ACLU of Georgia
1900 The Exchange, Suite 425
Atlanta, GA 30339

*Attorneys for Plaintiff*

and I hereby certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/ECF participants: n/a.

Respectfully submitted,

MICHAEL J. MOORE
UNITED STATES ATTORNEY

By: *s/Sheetul S. Wall*
Sheetul S. Wall
Assistant United States Attorney

P. O. Box 2568
Columbus, GA 31902-2568
Phone: (706)649-7700
Fax: (706)649-7667